**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Thomas Giniski Pierce, # 201290,** | ) | Case No. 2:16-cv-3254-JMC-MGB |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **C. Reynolds, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

Thomas Giniski Pierce ("Petitioner") is a state prisoner at Lee Correctional Institution in Bishopville, South Carolina. He proceeding *pro se* and has paid the $5 filing fee (DE# 3, receipt number SCX300060364). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE# 1, Petition, 177 pages including attachments). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and submit findings and recommendations to the United States District Judge. Having reviewed the petition and applicable law, the Magistrate Judge recommends that this petition should be **summarily dismissed, without prejudice** to the Petitioner's ability to seek permission from the Fourth Circuit Court of Appeals to file a successive petition, based upon the following findings of fact and conclusions of law:

**I. Background**

Petitioner was indicted by the Grand Jury for Greenville County, South Carolina, for murder. Prior to his plea hearing, he waived presentment on an indictment for the charge of voluntary manslaughter. (*See State v. Pierce*, Greenville County Court of Common Pleas Case No.

2009-GS-23-3739A; *see also* DE# 1-2 at 7, Exhibit: Transcript of Record, "He waives the finding of a true bill by the Grand Jury and consents to sentencing on this day."). On April 27, 2009, Petitioner pleaded guilty to voluntary manslaughter. The state court deferred sentencing until Plaintiff could complete his duty under the Plea Agreement to cooperate with the State of South Carolina in the prosecution of his co-defendant, Zachary Arnold. (DE# 1-2 at 19, Exhibit: Transcript of Record, "this sentencing will be deferred"). Petitioner was sentenced to twenty-four (24) years imprisonment. (DE# 1 at 3, ¶ 3f; DE# 1-2 at 26, state sentencing sheet). Petitioner did not appeal.

On August 3, 2011, Petitioner (through counsel) filed an application for state post-conviction relief ("PCR") in the Greenville County Court of Common Pleas. Petitioner argued that his counsel had been "ineffective" on thirty-three (33) grounds. The state court held a hearing at which the Petitioner testified. (DE# 1-2 at 42-92, Transcript). The state court denied relief on August 1, 2013. (DE# 1-3 at 2-10, copy of Order of Dismissal, dismissing with prejudice). Petitioner appealed unsuccessfully. (DE# 1-2 at 105, 4/08/2015 Order of Supreme Court of South Carolina, denying petition for a writ of certiorari; DE# 1-3 at 12, same). Remittitur was issued on April 24, 2015. DE# 1-3 at 13).

Meanwhile, on or about April 28, 2014, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254. He argued that his guilty plea was not an "informed and intelligent decision" and that his counsel had been constitutionally ineffective on several grounds. The District Court considered and dismissed the § 2254 petition on the merits. *See Pierce v. Reynolds,* Case No. 2:15-cv-1803-SB-MGB, 2016 WL 1271001 (D.S.C. March 29, 2016). Petitioner did not appeal.

Petitioner then filed a federal habeas petition pursuant to 28 U.S.C. § 2241 in federal court. Petitioner indicates he signed his petition on September 22, 2016. The Petition was received and

filed in the federal docket on September 26, 2016. In the petition, Petitioner indicates he wishes to challenge the result of his state collateral proceedings. (DE# 1 at 7, ¶ 15). However, in his supporting memorandum, Petitioner challenges his conviction and repeats the same arguments from his prior petition pursuant to 28 U.S.C. § 2254. Specifically, Petitioner argues that his counselled guilty plea was not "an informed and intelligent decision" and that his trial counsel was constitutionally ineffective on three grounds. (DE# 1-1 at 8, 14, 23, and 34). For relief, the Petitioner seeks to vacate his "conviction and sentence" and asks the Court to "remand for new trial." (DE# 1 at 10, ¶ 16).

## II.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving

"liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III.  Initial Screening of a Successive Petition

This Court must screen this habeas petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Review of the record reflects that this is Petitioner's second petition regarding the same issues and the same conviction. The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). This Court may properly take judicial notice of public records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

For a second petition to qualify as "successive," the dismissal of the first habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011); *and see e.g., Harvey*, 278 F.3d at 379–80 (differentiating dismissals "on the merits," including those for procedural default, from dismissals without prejudice based on "lack

of exhaustion"). Petitioner's first § 2254 petition was dismissed with prejudice on the merits. See Case No. 2:15-cv-1803-SB-MGB.[1]

Although Petitioner has labeled this second petition as one brought pursuant to 28 U.S.C. § 2241, the Fourth Circuit Court of Appeals has held that:

> [R]egardless of how they are styled, federal habeas petitions of prisoners who are "in custody pursuant to the judgment of a State court" should be treated as "applications under section 2254" for purposes of § 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3). In reaching this decision, we are persuaded by the plain language of the statutes and the context and purpose of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

*In re Wright,* 826 F.3d 774, 779 (4th Cir. June 21, 2016). Petitioner is "in custody pursuant to the judgment of a State court" and is attempting to bring a second petition challenging his conviction. Therefore, the present § 2254 petition is an unauthorized successive petition pursuant to 28 U.S.C. § 2254 and is subject to dismissal.

The United States Supreme Court has explained that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Such statute requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). In addition, Rule 9 of Rules Governing Section 2254 and 2255 Cases provides that "[b]efore presenting a second or successive petition, the petitioner

---

[1] A warning pursuant to *Castro v. United States*, 124 S.Ct. 786 (2003) is not necessary here. Such warning applies where a court recharacterizes a *pro se* petitioner's motion as a **first** motion to vacate. Here, the record plainly shows that this second petition is successive.
.

must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Thus, Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing this successive petition. *See, e.g., Smart v. Warden*, Case No. 2:13-cv-2449-GRA-BHH, 2013 WL 6054475 (D.S.C. Nov. 15, 2013) (dismissing habeas petition without prejudice, because Petitioner had not obtained permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition).

Petitioner does not indicate, and the record does not reflect, that he has sought permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. Petitioner appears to be characterizing his present petition as a § 2241 petition in an effort to circumvent the requirement of obtaining permission to file a successive § 2254 motion. In the absence of the required authorization, a district court has no jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition) (citing § 2244(b)(3)(A)). In *Burton*, the United States Supreme Court explained:

> Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.; and see, e.g.*, *Smart v. Warden,* 2013 WL 6054475 (D.S.C. November 15, 2013) (dismissing Petitioner's habeas petition without prejudice, because Petitioner had not requested permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition).

## IV.  Certificate of Appealability

A certificate of appealability ("COA") will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

Here, the record plainly shows that: 1) Petitioner has previously filed a § 2254 petition that was considered and rejected on the merits, and 2) that Petitioner has now filed an unauthorized successive petition without permission of the Fourth Circuit Court of Appeals. In light of the record, this procedural ruling is not "debatable." Petitioner is not entitled to a COA.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return. It is also recommended that a certificate of appealability be **denied**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 8, 2016
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).