**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Thomas Giniski Pierce, # 201290, | ) | |
| | ) | Civil Action No.: 2:16-cv-03254-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia Reynolds, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Thomas Giniski Pierce ("Petitioner") filed this *pro se* Petition for a Writ of Habeas Corpus ("Petition") against Cecilia Reynolds, Warden ("Respondent"), challenging his conviction and the result of his state collateral proceedings. (ECF No. 1.) This matter is before the court for review of the United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("Report") (ECF No. 9), filed on November 9, 2016, recommending the court dismiss Petitioner's Petition (ECF No. 1) without service of process and without requiring Respondent to file a return. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in

1

whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file an objection to the Report by December 1, 2016. (ECF No. 9.) Petitioner filed no objections.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendations.'" *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain any clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 9.) It is therefore **ORDERED** that Petitioner's Petition, (ECF No. 1), be **DISMISSED** without issuance and service of process, and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 9, 2016
Columbia, South Carolina

2